EMPLOYERS' INSURANCE OF WAUSAU ET AL. *v.*
SECOND INJURY FUND ET AL.
(SC 16021)

Callahan, C. J., and Norcott, Katz, Palmer and Peters, Js.

Argued March 16—officially released April 27, 1999

*Lucas D. Strunk,* for the appellants (plaintiff Continental Casualty Company et al.).

*Gregory T. D'Auria,* assistant attorney general, with whom were *William J. McCullough,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Carolyn K. Querijero* and *Anthony A. Jannotta,* assistant attorneys general, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. In this declaratory judgment action, two questions have been reserved to this court concerning the constitutionality of each of two provisions of General Statutes § 31-349, as it incorporates Public Acts 1995, No. 95-277 (P.A. 95-277).[1] These provisions sharply

---

[1] General Statutes § 31-349, as it incorporates P.A. 95-277, provides in relevant part: "(a) The fact that an employee has suffered a previous disability, shall not preclude him from compensation for a second injury, nor preclude compensation for death resulting from the second injury. If an employee having a previous disability incurs a second disability from a second injury resulting in a permanent disability caused by both the previous disability and the second injury which is materially and substantially greater than the disability that would have resulted from the second injury alone, he shall receive compensation for (1) the entire amount of disability, includ-

limit the future liability of the second injury fund to pay workers' compensation benefits to workers injured before the effective date of P.A. 95-277. This case is a companion case to *Cece* v. *Felix Industries, Inc.*, 248 Conn. 457, 728 A.2d 505 (1999), also decided this day.

In *Cece*, we concluded that § 31-349 (e), which was added in the 1995 revision of the statute, had no constitutional flaw, either under the contracts clause[2] or the due process clause[3] of the United States constitution.[4]

ing total disability, less any compensation payable or paid with respect to the previous disability, and (2) necessary medical care, as provided in this chapter, notwithstanding the fact that part of the disability was due to a previous disability. For purposes of this subsection, 'compensation payable or paid with respect to the previous disability' includes compensation payable or paid pursuant to the provisions of this chapter, as well as any other compensation payable or paid in connection with the previous disability, regardless of the source of such compensation.

"(b) As a condition precedent to the liability of the Second Injury Fund, the employer or its insurer shall: (1) Notify the custodian of the fund by certified mail no later than three calendar years after the date of injury or no later than ninety days after completion of payments for the first one hundred and four weeks of disability, whichever is earlier, of its intent to transfer liability for the claim to the Second Injury Fund . . . .

"(d) Notwithstanding the provisions of this section, no injury which occurs on or after July 1, 1995, shall serve as a basis for transfer of a claim to the Second Injury Fund under this section. All such claims shall remain the responsibility of the employer or its insurer under the provisions of this section.

"(e) All claims for transfer of injuries for which the fund has been notified prior to July 1, 1995, shall be deemed withdrawn with prejudice, unless the employer or its insurer notifies the custodian of the fund by certified mail prior to October 1, 1995, of its intention to pursue transfer pursuant to the provisions of this section. . . ."

[2] Article one, § 10, cl. 1, of the United States constitution provides in relevant part: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."

[3] The plaintiffs cite the fourteenth amendment to the United States constitution, which incorporates the fifth amendment. The fifth amendment to the United States constitution provides in relevant part: "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."

[4] We declined to consider possible claims of unconstitutionality under the Connecticut constitution because they had not been briefed separately. The same absence of independent briefing compels the same result in this case.

In the absence of a contract relationship between the second injury fund on the one hand and employers or their insurers on the other hand, we held that the legislature had the authority to require the fund to be re-notified promptly of potential future claims for transfer of payments to the fund.

In this case, the declaratory judgment action brought by the plaintiffs[5] against the defendants, principally the second injury fund,[6] raises similar issues of constitutionality concerning two provisions in the revised § 31-349. After the parties had agreed on a stipulation of facts, the trial court reserved the questions of law for the advice of this court.[7]

The plaintiffs' first claim is that the re-notification provision, now codified as § 31-349 (e), is unconstitutional because it impairs their contract rights and deprives them of their right to due process. As we held in *Cece*, there is no merit to this claim.

The plaintiffs' second claim is that the limitations provision, now codified as § 31-349 (b), is unconstitutional on the same grounds. Pursuant to § 31-349 (b) (1), even after timely re-notification, an employer or insurer intending to transfer liability to the second injury fund must now notify the custodian of the fund

[5] The named plaintiff has withdrawn from this action. The remaining plaintiffs are workers' compensation insurers and administrators, as well as self-insured employers, doing business in Connecticut. They are Constitutional Casualty Company, Transportation Insurance Company, Forge Insurance Company, American Casualty Company, National Fire Insurance of Hartford, Transcontinental Insurance Company, Roadway Express, Connecticut Transit, Gallagher Bassett Services, Inc., Olin Brass-Somers Thinstrip, United States Surgical Corporation, EBI and Central Insurance.

[6] The other defendants are Christopher Burnham, custodian of the second injury fund; Kevin Saba, state of Connecticut, assistant treasurer; and Jesse Frankl, chairman, Connecticut workers' compensation commission.

[7] The reserved questions were reserved to this court.

"by certified mail no later than three calendar years after the date of injury or no later than ninety days after completion of payments for the first one hundred and four weeks of disability, whichever is earlier . . . ."

Although § 31-349 (b) (1) contains a further limitation on access to the second injury fund, the grounds for the plaintiffs' challenges to its constitutionality are indistinguishable from those advanced in *Cece*. Again, the premise underlying their constitutional claims is that the second injury fund had a contractual relationship with employees, employers and insurers in this state. In *Cece*, we expressly held that premise to be unsustainable.[8] We conclude, therefore, that § 31-349 (b) (1) passes constitutional muster.

The questions reserved to this court were:

(1) "Does Public Act 95-277, § 3 [codified as General Statutes § 31-349 subsections (b) and (e)] violate Article I, § 10 of the United States Constitution?" The answer to this question is "No."

(2) "Does Public Act 95-277, § 3 [codified as General Statutes § 31-349 subsections (b) and (e)] deprive the plaintiffs of a vested property right without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article 1, § 8 of the Connecticut Constitution?"[9] The answer to this question is "No."

No costs will be taxed in this court to either party.

---

[8] Notably, at oral argument in this court, when this case and *Cece* were argued jointly, counsel presenting all the litigants' constitutional claims made no distinction between the two cases.

[9] Because the plaintiffs have briefed no argument that the Connecticut constitution entitles them to relief greater than that afforded by the United States constitution, we presume that the statutory provision that is at issue does not violate the Connecticut constitution.